UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MORGAN STANLEY PRIVATE BANK,
NATIONAL ASSOCIATION,

                    Plaintiff,

    vs.

FERCAN E. KALKAN,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ECF Case No. 26-cv-4320

**COMPLAINT**

Plaintiff Morgan Stanley Private Bank, National Association ("Morgan Stanley"), through its undersigned counsel, brings the following Complaint against Fercan E. Kalkan ("Kalkan") and in support thereof states and alleges as follows:

## NATURE OF THE COMPLAINT

1. This action arises out of the undisputed default on loan obligations by three separate entities formerly owned and controlled by Kalkan and the subsequent deficiencies that arose after Morgan Stanley foreclosed on properties that secured the underlying loans. Morgan Stanley seeks recovery from Kalkan as guarantor for the post-foreclosure deficiencies on each loan. Accordingly, Morgan Stanley brings this Complaint for breach of guaranty and for a declaratory judgment.

## PARTIES

2. Fercan E. Kalkan is an individual who resides in Harris County, Texas. Kalkan may be served at 143 Manor Lake Estates Drive, Spring, TX 77379.

3. Morgan Stanley Private Bank, National Association is a national banking association with its main office, as designated in its articles of association, in the State of New York located at 2000 Westchester Avenue, Floor 2NE, Purchase, NY 10577.

## JURISDICTION, VENUE, AND GOVERNING LAW

4.    Under the applicable loan agreements, Morgan Stanley and Kalkan submitted themselves to the personal jurisdiction and venue of United States federal courts sitting in New York City, New York in the event of a dispute arising out of the three loans (the "Loans") made between Morgan Stanley and three entities formerly under Kalkan's control, Rosslyn2016, LLC, Timbers2020 LLC, and Texas Esencia 2019 LLC (the "Rosslyn Entities").

5.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1348 because Defendant is a citizen of the State of Texas and Plaintiff as a national banking association has its citizenship in the State of New York such that the parties are diverse for purposes of citizenship. Moreover, the amount in controversy significantly exceeds $75,000.

6.    The Loans are governed by the laws of the State of New York without regard to conflicts of law principles other than § 5-1401 of the New York General Obligations Law.

## FACTUAL BACKGROUND

**A.    Morgan Stanley makes Loans to the Rosslyn Entities, and Kalkan personally guarantees such Loans.**

7.    Morgan Stanley made three separate Loans to the Rosslyn Entities evidenced by three substantially identical Term Loan Agreements (the "Term Loan Agreements") and three promissory notes (the "Notes"), among other documents. *See* Exhibits A and B.

8.    To secure the Loans, each of the Rosslyn Entities granted Morgan Stanley security interests and liens on and against certain collateral, including multi-family real estate apartment complexes formerly owned by each Rosslyn Entity with a name resembling that of its entity-owner (collectively, the "Properties"). Morgan Stanley's liens and security interests were evidenced by, among other things, deeds of trust for each individual Property (the "Deeds of Trust," and, collectively with the Term Loan Agreements and the Notes, the "Loan Documents"). The original

loan amounts, as evidenced by the Notes, among other documents, were as follows: $17,137,500.00 to Rosslyn2016 LLC; $19,185,000.00 to Texas Esencia 2019 LLC; and $14,940,000.00 to Timbers2020 LLC. *See* Exhibit B.

9.      In conjunction with each Loan, Kalkan executed a personal guaranty of payment (the "Guaranties") unconditionally guaranteeing payment of each Loan at the time each Loan became due and payable, whether at the maturity date or by acceleration. Kalkan also guaranteed payment of all sums of money that were due and payable under the Loan Documents at the time that such sums became due and payable, including interest on each Loan and any fees associated with collection. *See* Exhibit C.

10.      Further, each Guaranty provided that, in the event of a foreclosure resulting from the Rosslyn Entities' default on the Loans, Kalkan waived any defense to Morgan Stanley's recovery of any deficiency from Kalkan resulting from the foreclosure:

> applicable law to guarantors and (vii) acknowledges that the Lender may, without notice to or demand upon Guarantor and without affecting the liability of Guarantor under this Guaranty, foreclose under any security agreement, mortgage or deed of trust by non-judicial sale, and Guarantor hereby waives any defense to the recovery by the Lender against Guarantor of any deficiency after such non-judicial sale and any defense or benefits that may be afforded by applicable law. Without limiting the generality of the foregoing, Guarantor hereby waives all

Exhibit C at p. 6.

11.      The Guaranties also provided that Morgan Stanley had an explicit "Right of Setoff" to recover any deficiency resulting from the Rosslyn Entities' default against Kalkan as guarantor:

> Section 17.    Right of Setoff.  Upon the occurrence and during the continuance of any Event of Default, the Lender and its Affiliates are hereby authorized at any time and from time to time, to the fullest extent permitted by law, to sell, liquidate, transfer or otherwise apply any assets or securities of Guarantor held by the Lender or any of its Affiliates and set off and apply any and all deposits (general or special, time or demand, provisional or final) at any time held and other indebtedness at any time owing by the Lender or such Affiliate to or for the credit or the account of Guarantor against any and all of the obligations of Guarantor now or hereafter existing under this Guaranty or any other Loan Document, whether or not the Lender shall have made any demand under this Guaranty or such other Loan Document and although such obligations may be unmatured.  The rights of the Lender and its Affiliates under this Section are in addition to other rights and remedies (including, without limitation, other rights of setoff) that the Lender and its Affiliates may otherwise have.

Exhibit C at p. 11. This setoff right specifically authorized Morgan Stanley "to sell, liquidate, transfer or otherwise apply any assets or securities of Guarantor held by the Lender or any of its Affiliates and set off and apply any and all deposits . . . at any time held and other indebtedness at any time owing by the Lender or such Affiliate to or for the credit or the account of Guarantor against any and all of the obligations of Guarantor now or hereafter existing under this Guaranty or any other Loan Document." Exhibit C at p. 11.

**B.    The Rosslyn Entities default on the Loans.**

12.    As early as 2023, the Rosslyn Entities began defaulting on the Loans. Events of Default were clearly enumerated under the terms of each Term Loan Agreement, including "fail[ure] to pay any principal of or interest on the Term Loan when the same becomes due and payable." Exhibit A at pp. 33–35. Each Term Loan Agreement also provided that "[t]he Borrower shall repay to [Morgan Stanley] on the Maturity Date the entire then outstanding principal balance of the Term Loan, together with all fees, costs and expenses and accrued and unpaid interest thereon." Exhibit A at p. 5. The Maturity Date for the Rosslyn2016, LLC Loan was November 12, 2022, April 5, 2023, for the Timbers2020 LLC Loan, and August 25, 2024 for the Texas Esencia 2019 LLC Loan.

-4-

13. Each of the Rosslyn Entities failed to pay the outstanding principal balance due and owing under each Term Loan Agreement by the respective Maturity Dates. This nonpayment constituted an explicit Event of Default under the Term Loan Agreements.

14. Additionally, the Rosslyn Entities failed to pay Morgan Stanley any amounts owed under the Loans from April 2024 through August 2025. The Rosslyn Entities have conceded this nonpayment and do not deny that they were in default under the terms of the Loan Documents.

15. Numerous other Events of Default occurred in addition to the maturity defaults, and Morgan Stanley provided written notice to Kalkan and the Rosslyn Entities of such Events of Default. For example. Rosslyn2016, LLC failed to provide written notice of damage to, or destruction of the relevant Property, and failed to maintain insurance, both of which were required under the Term Loan Agreement. Exhibit A at p. 22. Further, Texas Esencia 2019 LLC defaulted by failing to timely pay real estate taxes.

16. Morgan Stanley sent notice of default letters to Kalkan and the Rosslyn Entities after the Events of Default, specifically reserving its voluntary forbearance and non-waiver rights. Such reservations stated that "[Morgan Stanley's] voluntary forbearance, if any, from exercising any of its right or remedies is not intended (and should not be construed) as a waiver of [Morgan Stanley's] rights and remedies with respect thereto, all of which are reserved and preserved by [Morgan Stanley] to be executed at any time." Additional default letters were sent by Morgan Stanley to the Rosslyn Entities containing similar language. These default letters were sent in good faith by Morgan Stanley even though the applicable Deeds of Trust provided for the Rosslyn Entities' express waiver of all notices of default or Morgan Stanley's election to exercise options under the Loan Documents. *See, e.g.*, Exhibit D at p. 20.

**C.    The Rosslyn Entities' default triggers foreclosure proceedings.**

17.    As a result of the Rosslyn Entities' numerous and continuing Events of Default, Morgan Stanley commenced foreclosure proceedings on the Properties, scheduling a foreclosure sale for the Properties for February 4, 2025.

18.    The February 2025 foreclosure sale did not go through, as the Rosslyn Entities, in tandem with Kalkan, implemented a monthslong vexatious litigation strategy designed to stall or halt foreclosure proceedings altogether. This campaign of delay and harassment, coordinated by Kalkan, involved multiple and duplicative state court proceedings designed to obtain short-term temporary restraining orders to stall foreclosure, a voluntary bankruptcy dismissed as improper, and an involuntary bankruptcy filed by associates of Kalkan that have failed to-date to establish themselves as legitimate creditors of the Rosslyn entities. Despite these repeated bad-faith efforts to stop Morgan Stanley from exercising its rights as a secured creditor, Morgan Stanley foreclosed on the Properties on August 5, 2025. The value obtained at the foreclosure sale for the relevant property is as follows: $14,000,000.00 for the Texas Esencia 2019 LLC Property, $12,176,667.03 for the Rosslyn2016, LLC Property, and $11,000,000.00 for the Timbers2020 LLC Property.

**D.    Morgan Stanley endeavors to recover the remaining funds owed under the Loans through its setoff rights.**

19.    At the time of the August foreclosure, the total amounts due under each of the Loans considering principal, interest, and fees and protective advances, was as follows:

|  | Texas Esencia | Rosslyn | Timbers |
|---|---|---|---|
| **Principal** | $17,532,958.23 | $15,471,354.05 | $13,695,000.00 |
| **Protective Advances and Legal Fees** | $1,714,682.06 | $1,633,036.87 | $1,942,858.15 |
| **Interest** | $1,993,582.18 | $1,909,604.80 | $1,690,347.14 |
| **Late Fees** | $139,647.86 | $131,183.37 | $115,642.36 |
| **TOTAL** | $21,380,870.33 | $19,145,179.09 | $17,443,847.65 |

20.     Because the foreclosure purchase price for each Property was insufficient to satisfy the outstanding amount owed under each Loan, post-foreclosure deficiencies arose. Factoring in the amounts received at the foreclosure sale, the outstanding post-foreclosure deficiency on each debt as of June 2025 was as follows:

- $6,968,512.06 for the Rosslyn2016, LLC Loan;

- $6,443,847.65 for the Timbers2020 LLC Loan; and

- $7,380,870.33 for the Texas Esencia 2019 LLC Loan.

Interest, late fees, and protective advances have continued to accrue since June 2025 and will continue to accrue until the deficiency is satisfied.

21.     Morgan Stanley sought to recover these post-foreclosure deficiencies by exercising its setoff rights against Kalkan as provided under the Guaranties. On or about August 6, 2025, Morgan Stanley exercised such rights against three accounts held in Kalkan's name at Morgan Stanley the "Kalkan Accounts." Through the setoff, the following credits were applied to each Rosslyn Entity's outstanding obligations under the Loans:

- $2,029,384.83 was credited to the Loan obligations of Rosslyn2016, LLC;

- $1,910,009.50 was credited to the Loan obligations of Timbers2020 LLC; and

- $2,161,136.13 was credited to the loan obligations of Texas Esencia 2019 LLC.

22.     Kalkan has repeatedly stated his belief that Morgan Stanley had no right to conduct the setoff from the Kalkan account. For example, in late March 2026, Kalkan personally filed a motion for contempt against Morgan Stanley in a lawsuit in Harris County, Texas, Cause No. 2022-33737. This motion for contempt asserted that Morgan Stanley was in contempt of an order from that Texas state court prohibiting Kalkan from dissipating funds from at least one Kalkan

account. Morgan Stanley is not a party to that lawsuit in Harris County, Texas, nor was the order prohibiting Kalkan's dissipation of funds applicable to Morgan Stanley. Nevertheless, Kalkan took the position that Morgan Stanley lacked authority and right of setoff as to the Kalkan Accounts. (Dr. Kalkan stated at the April 6, 2026 hearing on his motion for contempt: "And this money is set aside only for this case and cannot be transferred, cannot be accessed, cannot be anything.").

**E.      Kalkan is liable for the post-foreclosure deficiency.**

23.     Because the Kalkan Accounts values were insufficient to cover the post-foreclosure deficiencies, even after Morgan Stanley's setoff, the following post-setoff deficiencies remain as of June 2025 (the "Deficiencies"):

- $4,939,127.13 deficiency for Rosslyn2016, LLC;

- $4,533,838.15 deficiency for Timbers2020 LLC; and

- $5,219,734.20 deficiency for Texas Esencia 2019 LLC.

24.     As of the date of the filing of this Complaint, Kalkan has still not paid the Deficiencies in full as required under the terms of the Guaranties. The Deficiencies continue to grow and increase from the June 2025 determination with each passing month.

**COUNT I**
**(BREACH OF GUARANTY)**

25.     Morgan Stanley incorporates the allegations in all prior paragraphs as if fully set forth herein.

26.     The Guaranties are valid, binding, and enforceable contracts to which Kalkan and Morgan Stanley are parties.

27.     Under the terms of the Guaranties, Kalkan personally guaranteed payment of each Loan at the time each Loan became due and payable, whether at the maturity date or by

acceleration, including payment of any deficiencies that arose from the Rosslyn Entities' defaults on such Loans.

28.     Kalkan materially breached the Guaranties by failing to remit payment for the Deficiencies.

29.     As a result, Morgan Stanley has been damaged in an amount to be proved at trial, in an amount not less than the Deficiencies, which is in excess of $1 million.

## COUNT II
### (DECLARATORY JUDGMENT)

30.     Morgan Stanley incorporates the allegations in all prior paragraphs as if fully set forth herein.

31.     Under the Guaranties, Kalkan is personally obligated to remit payment to Morgan Stanley for the Deficiencies. Morgan Stanley had an express right of setoff against the Kalkan Accounts for unpaid amounts under the Loans and in the event of the Deficiencies.

32.     Kalkan disputes his liability for the Deficiencies and also specifically disputes whether Morgan Stanley was permitted to exercise its right to setoff as to the Kalkan Accounts.

33.     By reason of the foregoing, there is an actual, substantial, and justiciable controversy under 28 U.S.C. § 2201 between Kalkan and Morgan Stanley over Kalkan's liability for the Deficiencies and Morgan Stanley's ability to exercise its setoff rights as to the Kalkan Accounts.

34.     Resolution of this controversy will establish Kalkan's liability for the Deficiencies and the validity of Morgan Stanley's exercising of its setoff rights under the Guaranties.

35.     Pursuant to 28 U.S.C. § 2201, this Court should enter a declaratory judgment in favor of Morgan Stanley declaring that Kalkan is obligated to remit the amount of the Deficiencies,

that Morgan Stanley properly and validly exercised its setoff rights under the Guaranties, and any other relief this Court deems proper.

## ATTORNEYS' FEES

36.    Morgan Stanley incorporates the allegations in all prior paragraphs as if fully set forth herein.

37.    Due to the actions of Kalkan, Morgan Stanley has been required to retain legal counsel and agreed to pay its legal counsel a reasonable fee for its services necessarily rendered in enforcing its loan rights and for services rendered in this action. Section 2(a) of the Guaranties expressly permits Morgan Stanley to recover reasonable attorneys' fees incurred in the collection of any portion of Kalkan's obligations under the Guaranties. *See* Exhibit C at pp. 1–2. Accordingly, Morgan Stanley is entitled, under the Guaranties and any applicable law, to an award of reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Morgan Stanley respectfully requests that the Court issue judgment for Morgan Stanley and against Kalkan as follows:

(a) Under Count I, Morgan Stanley's actual and compensatory damages in an amount to be proven at trial, including pre-judgment and post-judgment interest thereon;

(b) Under Count II, a declaratory judgment that Kalkan is obligated to remit the amount of the Deficiencies and that Morgan Stanley properly and validly exercised its setoff rights under the Guaranties;

(c) Award Morgan Stanley all reasonable attorneys' fees to which it is entitled; and

(d) For such other and further relief as this Court may deem just and proper.

-10-

Dated: May 22, 2026
New York, New York

Respectfully submitted,

*By: Leslie C. Thorne*
**HAYNES AND BOONE, LLP**
Leslie C. Thorne
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 835-4848
leslie.thorne@haynesboone.com

Garrett Martin (*To Be Admitted Pro Hac Vice*)
Holton Farnum (*To Be Admitted Pro Hac Vice*)
1221 McKinney, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2133
garrett.martin@haynesboone.com
holton.farnum@haynesboone.com

**ATTORNEYS FOR MORGAN STANLEY
PRIVATE BANK, NATIONAL ASSOCIATION**