USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 9/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION,

Plaintiff,

vs.

FERCAN E. KALKAN,

Defendant.

26 CIV. NO. 4320

**Agreed Protective Order**

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material in connection with this case and to protect the confidentiality of the documents produced and information disclosed during this case, the parties (referred to herein each individually as a "Party" or collectively as the "Parties") in the above-referenced action (the "Action") have reached an agreement which is memorialized in the following Agreed Protective Order ("Protective Order"). It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. **Proceedings and Information Governed**. This Protective Order shall govern and limit the distribution of all information, documents, and things exchanged in, or subject to, discovery or provided in response to a diligence request in connection with the Action, either by a Party or a non-Party (each, a "Producing Party") to any other Party or non-Party (each, a "Receiving Party") in response to or in connection with any service of document requests, interrogatories, requests for admission, deposition notices, subpoenas, and other discovery requests (collectively, "Discovery Requests") including, without limitation, deposition testimony (whether based on oral examination or written questions), deposition transcripts and exhibits, interrogatories, answers to interrogatories, requests for admission, responses to requests for

admission, documents, data, information and things produced in whatever form, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes (i) hard copy documents and electronically stored information, including, without limitation, writings, drawings, graphics, charts, photographs, sound recordings, images, data, or data compilations stored in any medium and (ii) all information, filings, documents, and things derived therefrom, based on any of the foregoing material, in whole or in part.

2. This Order does not affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights or excuse any obligations under such agreements or orders.

3. This Order does not confer blanket protections on all disclosures or responses to discovery in the Action and the protection it affords extends only to Discovery Materials that are entitled to confidential treatment.

4. **Designating Discovery Material**. Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential-Professional Eyes Only" (any such Discovery Material, "Designated Material"), in accordance with the following provisions, and for purposes of this Order:

a. "Confidential" Discovery Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic proprietary or confidential technical, research, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

b. "Highly Confidential-Professional Eyes Only" Discovery Material: A Producing Party may designate Discovery Material as "Highly

Confidential-Professional Eyes Only" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material: (A) is (i) information maintained as a trade secret; (ii) technical, competitive, financial, marketing, or strategic planning information that, if disclosed to persons other than those identified in Paragraph 9 to this Order, would create a risk of competitive harm; or (iii) current or former operational or strategic plans regarding operations, potential mergers, acquisitions, sales, or investments that, if disclosed to persons other than those identified in Paragraph 9 to this Order, would create a risk of competitive harm; or (B) contains one of the following categories of information: (i) third-party financial account information or (ii) personal social security numbers, personal bank account numbers, or personal credit card numbers. In addition to the above, the Producing Party may, at any time, seek agreement or move for a further order that additional, specific Discovery Material or categories of Discovery Material may be produced on a "Highly Confidential-Professional Eyes Only" basis.

5. When reasonably practicable, any Designated Material, other than oral deposition testimony, shall be designated by the Producing Party as such by marking each page "Confidential" or "Highly Confidential-Professional Eyes Only" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking of every page of such material is not practicable, such as with certain native file documents, such material may be designated as "Confidential" or "Highly Confidential-Professional Eyes Only" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that the material is "Confidential" or "Highly Confidential-Professional Eyes Only," provided that including such terms in the file names of any native file documents shall be deemed to comply with this requirement. Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Highly Confidential-Professional Eyes Only" as applicable on the first page of the written response. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly

Confidential-Professional Eyes Only" shall be treated as "Confidential" or "Highly Confidential-Professional Eyes Only" pursuant to this Order notwithstanding such Discovery Material not bearing such markings. A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential-Professional Eyes Only," pursuant to the terms of this Order.

6. **Inadvertent Failure to Designate Discovery Material:** Inadvertent failure to designate particular Discovery Material as "Confidential" or "Highly Confidential-Professional Eyes Only" at the time of production shall not, standing alone, operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated Material"). The Producing Party must promptly provide written notice indicating its designation to the Receiving Party. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any Misdesignated Material, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the Misdesignated Material has been, at the time of the later designation, previously publicly filed with the Court, no Party shall

be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

7. **General Limitations on Use and Disclosure of all Discovery Material:** All Confidential Discovery Material and Highly Confidential-Professional Eyes Only Discovery Material shall be used by the Receiving Parties solely for the purposes of the Action and solely to the extent reasonably necessary to accomplish the purpose for which the disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, legal, or administrative purpose or function.

8. Confidential Discovery Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a. the Parties (including their respective corporate parent and affiliate, members, managers, partners, directors, officers, employees, in-house counsel, and agents who are assisting with or making decisions with respect to the Action);

b. the Parties' outside counsel;

c. any supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, service vendors, and private photocopying services who are assisting with the Action; and

d. any other persons specified in Paragraph 9 below.

9. Highly Confidential-Professional Eyes Only Discovery Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

a. outside counsel and staff working under the express direction of such counsel for the Parties;

b. any supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, service vendors, and private photocopying services who are assisting with the Action;

c. industry advisors, financial advisors, accounting advisors, experts, and

consultants (and their respective staff) that are retained by the Parties or the Parties' outside counsel in connection with the Action;

d. any mediator that the Parties engage or that the Court appoints in connection with the Action;

e. any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

f. any person for whom testimony is taken or is to be taken, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is determined by counsel in good faith to be reasonably necessary for the proceedings or the resolution of the Action, provided, however, that the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential-Professional Eyes Only Discovery Material unless such persons are otherwise entitled to retain copies pursuant to this Order;

g. court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Action;

h. this Court or any other Court exercising jurisdiction with respect to the Action, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

i. any other Party with respect to whom the Producing Party may consent in writing and who has agreed in writing to maintain such materials in accordance with the provisions of this Order.

10. Highly Confidential-Professional Eyes Only Discovery Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people provided in Paragraph 9 of this Order; provided, however, that a person described in paragraphs 9(c), 9(f), and 9(g) must first execute an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A before being provided access to any Designated Material. Confidential Discovery Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraphs 8 and 9 of this Order.

11. Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Confidential or Highly Confidential-Professional Eyes Only Discovery Material, shall be filed under seal as allowed by the Court in accordance with any applicable local rules and procedures. Any Designated Material filed under seal shall remain confidential and any person who receives such sealed Designated Material shall not disclose or otherwise disseminate it to any other person or entity except as permitted under the terms of this Order. This paragraph is without prejudice to the right of any Party to move upon notice to the applicable Party to unseal any papers, or parts thereof, filed under seal if, following meet and confer with the applicable Producing Party, any Party is unable to reach agreement regarding access and confidentiality with the party designating such information as Confidential or Highly Confidential-Professional Eyes Only Discovery Material.

12. Because it is expected that Designated Material will be used at a public trial or hearings in the Action or any appeal therefrom, the party proposing to use said Designated Material shall give adequate notice to the Court and the Producing Party of the specific Designated Material to be used to permit the Producing Party an opportunity to seek appropriate protection from the Court and/or to allow the Court to take whatever steps it may believe are reasonably necessary to protect the Designated Material.

13. **Deposition Testimony:** In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain confidential information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy

thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential-Professional Eyes Only under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during such thirty-day period. If no such designation is made at the deposition or within such thirty-day period, the entire deposition will be considered devoid of Confidential Discovery Material or Highly Confidential-Professional Eyes Only Discovery Material.

14. Nothing in Paragraph 13 of this Order shall apply to or affect any pre-existing confidentiality designations on Discovery Material entered as exhibits at depositions.

15. Nothing in Paragraphs 13 or 14 hereof shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

16. When Designated Material is used or elicited during a deposition, any persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

17. In the event that testimony is designated as Confidential or Highly Confidential-Professional Eyes Only, the court reporter shall be instructed to include on the cover page of each such transcript the legend, “This transcript contains information subject to a Protective Order and shall be used only in accordance therewith,” and each page of the transcript shall include the legend “Confidential” or “Highly Confidential-Professional Eyes Only” as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend “Confidential” or “Highly Confidential-Professional Eyes Only” as appropriate, if any portion of the transcript itself is so designated.

18. **Preservation of Rights and Privileges:** Nothing in this Order shall be deemed a

waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

19. Nothing in this Order shall be construed as a waiver by any Party of any legally cognizable privilege to withhold any confidential information other than on the basis that it has been, or should be, designated as Confidential Discovery Material or Highly Confidential-Professional Eyes Only Discovery Material, or of any right which any party may have to assert such privilege at any stage of this litigation.

20. **Unauthorized Disclosure of Designated Material:** In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure immediately (a) notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) use best efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (c) notify the Producing Party in writing of the unauthorized disclosure, including the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to sanctions and remedies as the Court may deem appropriate.

21. **Manner of Objecting to Designated Material:** If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and then confer in good faith within three business days to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated according to the Producing Party's designation. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential-Professional Eyes Only" designation from any Discovery Material so designated pursuant to the provisions of this Order. The Party seeking to maintain Discovery Material as Designated Material has the burden to establish that any designation is appropriate.

22. **Timing Of Objections To Designated Material:** A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential-Professional Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Material as "Confidential" or "Highly Confidential-Professional Eyes Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to such designation at a later time.

23. **Inadvertent Production of Privileged and Other Discovery Material:** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Material which a Party or non-Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege, common interest privilege, or work product doctrine (the "Inadvertently Produced Information"),

will not by itself constitute a waiver of any applicable privacy law, privilege, or work product protection. Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Information, the Producing Party shall request the return of such Inadvertently Produced Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return of Inadvertently Produced Information pursuant to this paragraph, the Receiving Party must promptly return, sequester, or destroy the specified documents or information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and, if Inadvertently Produced Information forms only part of a document, the Producing Party must produce an appropriately redacted version of the document(s). If the Receiving Party disputes the privilege or work product claim, the Parties shall meet and confer regarding such dispute. If the Parties cannot resolve their dispute following the meet and confer, either Party may seek a determination from the Court whether the privilege or work product protection applies. The Producing Party must preserve the Inadvertently Produced Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Information for any purpose until the dispute is resolved. No Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure.

24. **Use Of Non-Discovery Material:** To the extent that any Receiving Party has documents or information that (i) were already in its possession; (ii) are received or become available to a Receiving Party on a non-confidential basis not in violation of this Order or an obligation of confidentiality to any other person; (iii) were independently developed by such

Receiving Party without violating its confidentiality obligations under this Order or any separate agreement; or (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively "Non-Discovery Material"), nothing in this Order shall limit a Receiving Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with the Action.

25. **Obligations Following Conclusion of the Action:** Within ninety (90) days of the conclusion of the Action, including all appeals, unless otherwise agreed by the Parties or ordered by a court, all Parties and non-Parties, at the request of the Producing Party, shall take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing or trial; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required by law, for regulatory recordkeeping purposes or internal governance or record keeping policies; provided that such retained documents will continue to be treated as required by this Order. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding, except that (a) there shall be no restriction on documents that are used as exhibits in open court, unless such exhibits were filed under seal or otherwise subject to protections by the court in which they were used, and (b) a Receiving Party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this Order.

26. **Continuing Applicability of Agreed Protective Order:** The provisions of this Order shall survive the final termination of the Action for any retained Discovery Material. The final termination of the Action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

27. **Amendment of Agreed Protective Order:** Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time. All Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

28. **Disclosure of Discovery Material in Other Proceedings:** Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall notify the Producing Party within three (3) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) to enable it to have an opportunity, at such Producing Party's sole cost and expense, to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

29. **Use of Discovery Material by Producing Party:** Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.

30. **Objections to Discovery Requests:** Nothing herein shall be deemed (a) to prevent

a Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal, or proprietary nature that discovery should not be afforded or (b) to preclude a Party from seeking additional or further limitations on the use or disclosure of such information.

31. **Obligations of Parties:** Nothing herein shall relieve a Party of its obligations under the Federal Rules, local rules or procedures of this Court, or under any future stipulations or orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Action.

32. **Advice Of Counsel:** Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Action and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth in this Order.

33. **General Provisions:** This Order is a procedural device intended to protect Discovery Material designated as "Confidential" or "Highly Confidential-Professional Eyes Only." Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

34. For purposes of this Order, "writing" shall include electronic mail.

35. **Enforcement:** Upon Court approval, the provisions of this Order will constitute an Order of this Court and violations of the provisions of this Order will be subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

[*Remainder of page intentionally left blank*]

Respectfully submitted this 23rd day of September, 2026

PLAINTIFF:

*By: Garrett S. Martin*
**HAYNES AND BOONE, LLP**
Leslie C. Thorne
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Telephone: (212) 835-4848
leslie.thorne@haynesboone.com

Garrett Martin (*Admitted Pro Hac Vice*)
1221 McKinney, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2133
garrett.martin@haynesboone.com

**ATTORNEYS FOR MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION**

DEFENDANT:

*By: Jon HIll (signed by permission)*
Jon Hill
14710 Kellywood Ln
Houston, Texas 77079
Telephone: (281) 408-3683
attorneyjonhill@gmail.com

**ATTORNEYS FOR FERCAN E. KALKAN**

Dated: New York, New York

September 24, 2026

SO ORDERED.

HENRY J. RICARDO
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION, Plaintiff, | 26 CIV. NO. 4320 |
| vs. | **Agreed Protective Order** |
| FERCAN E. KALKAN, Defendant. | |

**CERTIFICATION OF AGREEMENT OF CONFIDENTIALITY**

My name is ______________________________________________.

I live at ______________________________________________________.

I am employed as (position) ____________________________________

by (name and address of employer) _______________________________.

I have read the Agreed Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of such Order and agree to comply with and to be bound by its provisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _________ day of _______________, 20____.

by___________________________
(signature).